Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 174 | **DATE** | August 3, 2010 |
| **CASE TITLE** | Garner vs. Lakeside Community Committee, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Defendants' motion to dismiss [14] is respectfully denied. Plaintiff's opposition to Defendants' motion and alternative request for leave to amend his complaint [19] is denied as moot; Plaintiff's motion to have the allegations in his complaint deemed admitted as a sanction for Defendants' simultaneous filing of an answer with their motion to dismiss [26] is respectfully denied. On its own motion, the Court strikes Defendants' answer [12] and directs Defendants to file an answer that complies with the standards set forth in the Federal Rules of Civil Procedure by 8/24/10. This case is set for further status on 9/1/10 at 9:00 a.m. Counsel are directed to meet and confer and to submit by 8/27/10 a proposed plan for undertaking the discovery discussed below.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

In its present posture, this case involves a close question as to whether Plaintiff's complaint—filed by Plaintiff acting *pro se* prior to the entry of appearances by counsel on Plaintiff's behalf [see 23, 28]—survives Defendant's motion to dismiss under the applicable federal pleading standards. The Supreme Court's decisions in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), articulate a "plausibility" refinement to the liberal notice-pleading regime embodied in Rule 8 of the Federal Rules of Civil Procedure. But, as the Seventh Circuit again noted last Friday, courts "are still struggling" with the question of "how much higher the Supreme Court meant to set the bar." *Swanson v. Citibank, N.A.*, No. 10-1122, slip op. at 4 (7th Cir. July 30, 2010). And although that "is not an easy question to answer," the latest guidance from our court of appeals is that the "plausibility" standard did not adopt "a single pleading standard to replace Rule 8, Rule 9, and specialized pleading regimes," such as the one in place for matters under the Federal Securities Litigation Reform Act. *Id.*, slip op. at 5. From *Swanson* and other recent Supreme Court and Seventh Circuit decisions, this Court concludes that the recent decisions on pleading standards have left intact the (even more) liberal pleading standards that apply to *pro se* plaintiffs. *E.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (ruling, in a case handed down after *Twombly*, that *pro se*

| STATEMENT |
|---|

complaints are to be liberally construed); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (stating that *Pardus* put to rest "[a]ny doubt that *Twombly* had repudiated the general notice-pleading regime of Rule 8" and that "[t]his continues to be the case after *Iqbal*").

The particular issue to which careful attention must be given in view of the pleading rules is whether Plaintiff's complaint alleges state action, for in the absence of any such allegations, Plaintiff's claim likely would flunk a plausibility analysis. The pertinent authorities, many of which are cited in the opinion by Judge Der-Yeghiayan that Defendants rely on (exclusively) in their motion to dismiss, make plain that Plaintiff has a daunting task ahead of him. See also, *e.g.*, 1 Sheldon H. Nahmod, CIVIL RIGHTS AND CIVIL LIBERTIES LITIGATION: THE LAW OF SECTION 1983 §§ 2.4-2.11 (2009); *Rodriguez-Garcia v. Davila*, 904 F.2d 90, 97 (1st Cir. 1990) (teaching that for decisions to terminate employment that are evaluated under the nexus test—one of a handful of appropriate state-action tests—the actual termination decision must be attributable to the state). Yet, the Court concludes that Plaintiff has alleged enough at this preliminary stage to avoid dismissal of his complaint under Federal Rule of Civil Procedure 12(b)(6).

The critical factor in explaining why dismissal would be inappropriate is that, in the realm of state action cases in particular, the Supreme Court has on many occasions reminded courts that the inquiry into whether private action can be fairly attributed to the State is to be made on a case-by-case basis. *E.g.*, *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722 (1961). Defendants' motion loses sight of the fact that *Iqbal* and *Twombly* constitute a refinement rather than a revolution, and also overlooks the fact-specific nature of the state action question. In this case, Plaintiff alleges that the state controls Defendant Lakeside Community Committee in a variety of ways and exercises control over employment decisions, at least at the front end. The activity engaged in by Defendant Lakeside Community Committee, caring for wards of the state, is—Plaintiff maintains—a matter of traditional state authority. *Cf. Cormack v. Marshall*, 71 N.E. 1077, 1080 (Ill. 1904) ("Infants are the wards of the state * * *."); see also *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 163-64 (1978) (articulating the "state function" approach to the state action inquiry and leaving open the question of whether certain functions are effectively non-delegable for state action purposes). (Defendants have neither responded to the historical point nor filed a reply brief.)

Given Plaintiff's *pro se* status, the allegations are sufficient to state a claim not only that Defendant Lakeside Community Committee's actions can be fairly attributed to the State but also that Defendant Lakeside Community Committee effectively *was* the state (*i.e.*, a status argument). See *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374 (1995). Indeed, in *Lebron*, the Supreme Court allowed the plaintiff to make the "status" argument even though the theory had not been articulated to lower courts. *Id.* at 965 ("Our traditional rule is that once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below.") (alteration and quotation marks omitted); see also Nahmod, *supra*, § 2.6 at 2-17 ("As applied to state and local governments * * * it is power and control that are crucial for governmental status purposes.").

The exacting legal standards, the veritable La Brea Tar Pit of cases in which plaintiffs have failed to establish state action, and the Seventh Circuit's oft-quoted teaching that summary judgment is the "put up or shut up" moment in the life of a case all suggest that Plaintiff may have a rather difficult time making his case as the claim moves forward. And in view of the identification of the threshold issue of state action as a potentially fatal stumbling block for Plaintiff, the Court will exercise its authority to limit discovery in the first instance to that issue. See *Swanson*, slip op. at 8 ("one powerful reason that lies behind the Supreme Court's concern

| STATEMENT |
|---|

about pleadings standards is the cost of the discovery that will follow in any case that survives a motion to dismiss on the pleadings"); *id*. at 23 (Posner, J., dissenting) (noting that "district courts have authority to limit discovery"); see also *Searls v. Glasser*, 64 F.3d 1061, 1068 (7th Cir. 1995); Frank H. Easterbrook, *Discovery as Abuse*, 69 B.U. L. REV. 635, 639 (1989) ("One common form of unnecessary discovery (and therefore a ready source of threatened discovery) is delving into ten issues when one will be dispositive"). If, after appropriate discovery, Defendants file a properly briefed motion for summary judgment, Plaintiff may have difficulty showing that his case should reach a fact-finder. However, the Federal Rules of Civil Procedure prevent the Court from pre-judging the merits of Plaintiff's case at this time. Accordingly, Defendants' motion to dismiss [14] is respectfully denied. Plaintiff's opposition to Defendants' motion and alternative request for leave to amend his complaint [19] is denied as moot.

Finally, Plaintiff's motion to have the allegations in his complaint deemed admitted as a sanction for Defendants' simultaneous filing of an answer with their motion to dismiss [26] is respectfully denied. Plaintiff fails to cite legal authority for the relief that he seeks, and the sanction is extreme. Nonetheless, on its own motion, the Court strikes Defendants' answer [12] and directs Defendants to file an answer that complies with the dictates of the Federal Rules of Civil Procedure 8(b) by 8/24/10. Given the factual averments in Plaintiff's complaint, Defendants appear to have been too hasty in making general denials to each of the claims instead of specific responses to each numbered paragraph. This case is set for further status on 9/1/10 at 9:00 a.m. Counsel are directed to meet and confer and to submit by 8/27/10 a proposed plan for undertaking the discovery discussed below.